UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATHENA PIOTROWSKI<br>Plaintiff,<br><br>vs.<br><br>FIDELIS ASSET MANAGEMENT, LLC<br>Defendant, | Civil Action No.<br><br>1:13-cv-00880 |

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, ATHENA PIOTROWSKI, by and through her attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for his Complaint against the Defendant, FIDELIS ASSET MANAGEMENT, LLC, Plaintiff states as follows:

#### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Athena Piotrowski, an individual consumer, against Defendant, Fidelis Asset Management, LLC and their agents for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3. Because Defendant conducts business in Western District of New York, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant resides in this District pursuant to 28 U.S.C. § 1391(c).

## *III. PARTIES*

7. Plaintiff, Athena Piotrowski (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Lackawanna, Erie County, State of New York 14218.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Upon information and belief the Defendant, Fidelis Asset Management, LLC, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 950A Union Road, Ste 423, Buffalo, Erie County, New York 14224.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

14. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

15. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

18. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

19. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's supervisor and disclosed the alleged debt.

20. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff's supervisor that Defendant was going to serve Plaintiff with legal papers at Plaintiff's place of employment.

21. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff's supervisor that the alleged debt was a medical debt.

22. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff's supervisor personal sensitive medical information of Plaintiff.

23. Defendant did not have a valid reason for disclosing sensitive personal medical information about Plaintiff to anyone.

24. Defendant disclosed this personal sensitive medical information for the sole purpose of harassing Plaintiff into paying the alleged debt.

25. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

26. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

28. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by communicating sensitive personal medical information about the Plaintiff to third parties for the sole purpose of harassing Plaintiff into paying.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.

29. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

30. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

   (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   (c) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(d) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(e) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(g) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(h) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(i) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (j) Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff; and

    (k) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (l) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

31. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from each Defendant herein.

*COUNT II*
*VIOLATIONS OF NEW YORK GBL § 349*
*ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS*

33. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

34. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY CLS GBL § 349.

35. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY CLS GBL § 349.

36. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

37. By virtue of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from the unlawful acts and practices. NY CLS GBL § 349(h).

38. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, or fifty dollars ($50.00) whichever is greater together with reasonable attorney fees. NY CLS GBL § 349(h).

## *COUNT III*
## *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

39. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**"
>
> 15 U.S.C. § 1692(a) (emphasis added).

41. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information."
>
> 15 U.S.C. § 6801(a) (emphasis added).

42. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

43. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully contacting her at work and disclosing sensitive personal medical information to third parties.

44. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

45. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

46. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

47. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from Defendant for intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Actual damages, trebled, or $50.00, whichever is greater, from Defendant pursuant to NY CLS GBL § 349(h).

E. Injunctive relief enjoining Defendant from the unlawful acts and practices pursuant to NY CLS GBL § 349(h).

F. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and NY CLS GBL § 349(h).

G. Punitive damages in such amount as is found appropriate.

H. For Such other and further relief as the Court may deem just and proper.

## VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Athena Piotrowski, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: August 28, 2013     Athena Piotrowski

By her attorney,

s/Kevin J. Buckley, Jr.
Kevin J. Buckley, Jr. Esq.
Attorney for Plaintiff
Consumer Rights Law Firm, PLLC
201 Sutton Street, Suite 1-A
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (978) 409-1846
attorneykevinb@consumerlawfirmcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF NEW YORK   )
                    ) ss
COUNTY OF ERIE      )

I, ATHENA PIOTROWSKI, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against FIDELIS ASSET MANAGEMENT, LLC.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. 1746(2), I, ATHENA PIOTROWSKI hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: Aug 29, 2013

*Athena piotrowski*
ATHENA PIOTROWSKI